IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEBORAH KAY WING
                         PLAINTIFF

vs.                              Civil No. 4:11-cv-04020

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Deborah Kay Wing ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed applications for DIB and SSI on September 18, 2007. (Tr. 7, 111-114, 115-117). In these applications, Plaintiff alleged she was disabled due to high blood pressure, arthritis, post-surgical herniated discs in her neck, depression, anxiety attacks, sleep apnea, and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

insomnia. (Tr. 134). Specifically, Plaintiff claimed the following regarding her impairments:

> Just had recent neck surgery for 2 herniated discs. Wearing a collar that simulates nerves in brain that cause neck to heal faster. I have not been released to lift or do anything. I stopped work in 1998 because my back hurt, arms hurt, couldn't stand for long. Can't sit for long. My back hurts all the time. My left arm elbow tip is gone. Have arthritis in arm and my hands cramp up. The neck surgery was supposed to help keep my hands from going numb and going to sleep, but it has not helped.

*Id.* Plaintiff alleged an onset date of June 27, 2007. (Tr. 7). These applications were denied initially and again upon reconsideration. (Tr. 63-64).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 80-103). An administrative hearing was held on February 24, 2009 in Texarkana, Arkansas. (Tr. 17-60). Plaintiff was present and was represented by David R. Trussell at this hearing. *Id.* Plaintiff, Medical Expert #1 ("ME1") George Weilepp, Medical Expert #2 ("ME2") Betty Feir, and Vocational Expert ("VE") Molly Meloy testified at this hearing. *Id.*

On March 11, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications.[2] (Tr. 7-15). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of June 27, 2007. (Tr. 9, Finding 1). The ALJ determined Plaintiff had the following severe impairments: cervical spine degenerative disc disease status post C5-6 and C6-7 fusion; obstructive sleep apnea; obesity; hypertension; and carpal tunnel syndrome. (Tr. 9-11, Finding 2). The ALJ also determined none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 3).

The ALJ determined Plaintiff was fifty-one (51) years old on the date her application was

---

[2] The ALJ only addressed Plaintiff's SSI application in his opinion because Plaintiff's insured status for purposes of DIB expired before her alleged onset date. (Tr. 7-15).

2

filed. (Tr. 13, Finding 6). Such an individual is defined as "closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008). *Id.* The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 13, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-13, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently. The claimant's ability to stand, walk, and sit is not limited with normal break periods. She cannot climb ladders, ropes, or scaffolds or work at unprotected heights or around dangerous moving machinery. She may make occasional use of computers. She is limited to only occasional overhead use of her hands. She cannot walk on irregular terrain. She has only mild limitations on activities of daily living, social functioning, and, concentration, persistence, and pace. She is capable of understanding, remembering, and carrying out detailed but not complex work, making decisions, attending and dealing appropriately with workplace peers, bosses, and occasional routine workplace changes.

(Tr. 11, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 13, Finding 5). The ALJ determined Plaintiff's PRW included work as an assembler (medium, semi-skilled) and as a home health aide (medium, semi-skilled). *Id.* The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 54-55). Based upon that testimony and considering Plaintiff's RFC, the ALJ found Plaintiff was unable to perform any of her PRW. (Tr. 13, Finding 5).

The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC. (Tr. 14-15, Finding

9). The ALJ based this finding upon the testimony of the VE. (Tr. 55-56). The VE testified, considering all Plaintiff's vocational factors, that a hypothetical person would be able to perform the requirements of representative occupations such as a housekeeper with 16,750 such jobs in the regional economy and 211,055 such jobs in the national economy; microfilm processor with 1,350 such jobs in the regional economy and 49,500 such jobs in the national economy; and parking lot attendant with 6,288 such jobs in the regional economy and 69,500 such jobs in the national economy. (Tr. 14). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 18, 2007 (her application date) through March 11, 2009 (the ALJ's decision date). (Tr. 15, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. *See* 20 C.F.R. § 404.968. On January 7, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On February 16, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 4, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her briefing, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9 at 9-11. Specifically, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ neglected to consider the medical evidence submitted prior to the administrative hearing in this matter. *Id.* Because the ALJ did fail to consider these submitted documents, this Court finds Plaintiff's case must be reversed and remanded.

Plaintiff submitted medical records from 2008 from her treating physician and records from a rheumatologist to whom she had been referred. (Tr. 519-530, 536-547). Despite their timely submission, the ALJ did not consider these records in his opinion. (Tr. 7-15). Defendant does not dispute that the ALJ did not consider these records in his opinion. ECF No. 10 at 7-10. Instead, Defendant argues that "these records do not provide any evidence of Plaintiff's condition that supported greater restrictions than the ALJ found in the RFC finding." *Id.*

These records do, however, provide support for Plaintiff's claims. For instance, on June 25, 2008, Plaintiff reported suffering from lower back pain, and her treating physician found she had "typical fibromyalgia tender spots on the ankles, hips, shoulder, si joints, and diffuse tenderness in the extensor tendons." (Tr. 521-522). Because such findings support Plaintiff's claim of disabling pain, the ALJ should have at least considered these records. *See* 20 C.F.R. § 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"); 20 C.F.R. §

416.927(d)(2) (stating that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). Because the ALJ did not consider these records as he was required to do so, this case must be reversed and remanded for consideration of these records.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE